Informal Opinion No. 2010-1 Michael R. Cuevas Town Attorney No. 2010-1 Town of Glenville Roemer, Wallens, Gold Mineaux, LLP
13 Columbia Circle Albany, New York 12203
Dear Mr. Cuevas:
You have requested an opinion as to whether the Town of Glenville ("the Town") may issue permits for private fireworks displays. You have made this request because the Town currently has a local law relating to the issuing of fireworks permits that has not been amended since the state law governing fireworks permits was amended in 2009. As explained below, we believe that the Town's permit authority is authorized, pursuant to state law, to issue permits for the private display of fireworks in response to qualified applications.
Penal Law § 270.00 prohibits a person from offering or exposing for sale, selling, or furnishing any fireworks, and from possessing, using, exploding, or causing to explode any fireworks. Penal Law § 270.00(2). A person does not commit an offense proscribed by section 270.00 if he or she obtains a permit pursuant to Penal Law § 405.00. Penal Law § 270.00(2).
Penal Law § 405.00 governs permits for displays of fireworks. It authorizes the permit authority of a local government, meaning the agency or officer designated by the local government to issue such licenses, to issue permits for fireworks displays under specified circumstances. Penal Law § 405.00(1), (2)-(4).
We have previously opined that Penal Law § 405.00(2) authorized the issuance of permits for only public displays, and that permits could not be issued for private displays, which would remain illegal under Penal Law § 270.00. Op. Att'y Gen. (Inf.) No. 2007-3; Op. Att'y Gen. (Inf.) No. 91-17. We also have concluded that local legislation regulating fireworks was expressly preempted by Penal Law § 405.00(5), which provides that "[a]ll local ordinances regulating or prohibiting the display of *Page 2 
fireworks are hereby superseded by the provisions of this section."[1] See Op. Att'y Gen. (Inf.) No. 2007-3; Op. Att'y Gen. (Inf.) No. 91-17; Op. Att'y Gen. (Inf.) No. 82-18. We have opined that this state statute preempts all local regulations, whether by ordinance or local law. Op. Att'y Gen. (Inf.) No. 82-18.
In 2009, the Legislature amended Penal Law § 405.00 to eliminate the requirement that permits be issued for "public" displays and to authorize the issuance of permits to individuals, who previously had not been included in those able to obtain permits. See Act of Apr. 7, 2009, ch. 57, Part CC, § 21, 2009 McKinney's N.Y. Laws 235, 282-294. Now the Town's "permit authority may grant a permit for the display of fireworks to municipalities, fair association, amusement parks, persons, or organizations of individuals that submit an application in writing." Penal Law § 405.00(2) (emphasis added). Section 405.00(2) also provides the information that must be included in an application for a fireworks display permit, including "such other information as the permit authority may deem necessary to protect persons or property."Id. § 405.00(2)(g).
The 2009 amendment left untouched subdivision 5 of section 405.00, which still provides that it supersedes all local ordinances. The Legislature's intent, therefore, continues to be that state law preempts local regulations regulating or prohibiting the display of fireworks. And, where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with the statewide statute. Albany Area BuildersAss'n v. Town of Guilderland, 74 N.Y.2d 372, 377 (1989). Such local laws would tend to inhibit the operation of the State's superseding law and thereby thwart the operation of the State's overriding policy concerns. Id.
Thus, the fact that the Town has not amended its local law to reflect the recent change in state law is irrelevant to the question presented. State law now explicitly authorizes a local permit authority to issue a fireworks display permit for the private display of fireworks in response to a qualified application. The Town's permit authority may need to revise the permit application to reflect current state law or include such other information that he or she deems necessary pursuant to Penal Law § 405.00(2)(g). Under existing state law, however, the permit authority is authorized to issue permits for the private display of fireworks in response to qualified applications, regardless of the existence of any local law to the contrary. *Page 3 
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] Penal Law § 405.00(5) provides one narrow exception, allowing every city, town, or village to enact ordinances or local laws regulating or prohibiting the use, or the storage, transportation, or sale for use, of fireworks in the preparation for or in connection with television broadcasts.